IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:07-cv-525 |
| TRANSCONTINENTAL TITLE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This matter comes before the court on the Motion of Defendant Transcontinental Title Company to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case (Dkt. no. 15).  On September 21, 2007, the Court GRANTED the Motion of Defendant Transcontinental Title Company to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case (Dkt. no. 34).  Further, the Court TRANSFERRED the declaratory judgment claim and counterclaim in this action to the U.S. District Court for the District of Massachusetts (Dkt. no. 34).  Finally, the Court ORDERED that the remaining matters in this action were stayed pending the outcome of the declaratory judgment claim and counterclaim in Massachusetts (Dkt. no. 34).

**I. Background**

Plaintiff Old Republic National Title Insurance Company ("Old Republic") and

Defendant Transcontinental Title Company ("Transcontinental") entered into an Agreement for Appointment of Policy Issuing Agent for Old Republic National Title Insurance Company (hereinafter, "Agency Agreement") on June 24, 2004 (Compl. Tab A at 1). The Agreement appoints Transcontinental as a title insurance policy issuing agent for Old Republic in regard to mortgage loan transactions in several different states, including here in the Commonwealth of Virginia. *Id.*   A crucial issue in dispute here, and in similar cases filed by Old Republic in numerous other states, is the Defendant's duties under the Excessive Claims/Stop Loss Provision of the Agency Agreement.   The Excessive Claims/Stop Loss Provision of the Agency Agreement provides that,

> [Transcontinental] shall reimburse to [Old Republic], by no later than March 31 following year end, and the amount by which the aggregate amount paid by [Old Republic] for claims on behalf/on account of [Transcontinental] exceeds five percent (5%) of gross premiums remitted by [Transcontinental] to [Old Republic] in that same calendar year. (Compl. Tab A at 10).

In this case, Old Republic asserts in Count I that as a direct and proximate result of the Transcontinental's breaches of the Agency Agreement, it has suffered damages of not less than $164,269.79 (Compl. ¶ 73).  Further, Old Republic propounds in Count II that it is entitled to indemnification from Defendant for all of its losses plus attorney's fees.  (Compl. ¶ 75).

### A. Litigation History

On September 15, 2006, Old Republic initially filed a lawsuit in Massachusetts State Court against Transcontinental arising from its alleged failure to compensate Old Republic under the Excessive Claims/Stop Loss Provision.  Transcontinental removed this case to the U.S. District Court for the District of Massachusetts on October 18, 2006.  In the Massachusetts Complaint, Old Republic seeks monetary damages for claims arising out of closings in

Massachusetts.  In addition, Old Republic seeks a declaratory judgement that Transcontinental owes Old Republic for the year 2006 under the Excessive Claims/Stop Loss Provision and for claims that arise after the date of the termination of the Agency Agreement.

Subsequent to the filing of the Massachusetts Complaint, Old Republic filed eighteen lawsuits against Transcontinental in different states, including the Commonwealth of Virginia. Each of these cases include claims by Old Republic against Transcontinental for breach of the Agency Agreement, indemnification, and claims under the Excessive Claims/Stop Loss Provision for losses allegedly incurred by Old Republic in each jurisdiction.  Not all of these cases are identical to the Massachusetts case, as they all involve different claims under state law in regard to closings in those respective states.  However, the majority of these cases make the same claim for declaratory relief as alleged in the Massachusetts Complaint.  In addition, in each of the aforementioned cases, Transcontinental has filed the same Counterclaim as the Massachusetts Counterclaim.

On May 25, 2007 Old Republic filed the Complaint against Transcontinental in this Court.  Transcontinental filed an Answer and Counterclaim for unjust enrichment in this Court on June 19, 2007.  Old Republic then raised the issue of the Excessive Claims/Stop Loss Agreement in this Court by filing its Counterclaim seeking declaratory judgment regarding the Excessive Claims/Stop Loss Agreement on July 27, 2007.  The declaratory judgment portion of the counterclaim filed by Old Republic is identical to the declaratory judgment count now pending in Massachusetts.

## II.  Discussion

The present motion concerns Transcontinental's Motion to Transfer Declaratory

Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case. Through this motion, Transcontinental seeks to transfer Old Republic's declaratory judgment claim and its own unjust enrichment counterclaim to the U.S. District Court for the District of Massachusetts pursuant to the "first to file" rule.

The first to file rule was initially articulated by the Supreme Court in 1824. Specifically, the Court noted, "in all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535 (1824); *see also Cisneros v. Cost Control Mktg. and Sales Mgmt. of Virginia, Inc*., 862 F. Supp. 1531, 1533 (W.D. Va 1994) (holding that longstanding principles of comity suggest it is appropriate for the court to decide a particular issue because the proceeding was first filed in that court). The first to file rule "rests on principles of both comity and sound judicial administration." *Cadle Co. V. Whataburger of Alice, Inc*. 174 F. Supp. 3d 599, 604 (5th Cir. 1999); *see also PBM Products, Inc. V. Mead Johson & Co.*, 2001 WL 841047 at 1 (E.D. Va. 2001). It is a "forward looking doctrine" used by courts to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id*. The first to file rule ensures that one federal court does not encroach upon the authority of its sister courts, promotes uniformity of results, and avoids the confusion of piecemeal resolution of issues. *Save Power Limited v. Syntek Finance Corp*., 121 F.3d. 947, 950 (5th Cir. 1997)(citations omitted).

In considering whether to apply the first to file rule, the Court must determine if the two pending actions in question are "so duplicative or involve such substantially similar issues that one court should decide the subject matter of both actions." *Nabors Drilling USA, L.P. v.*

*Markow, Walker P.A.,* 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006); *see also PBM Products, Inc. V. Mead Johson & Co.*, 2001 WL 841047 at 1 (citation omitted)("when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap").  The claims being assessed do not need to be identical in order for the first to file rule to apply.  *See Byerson v. Equifax Info. Services. LLC*, 467 F. Supp. 2d 627, 635-636 (E.D. Va. 2006) (citation omitted).  Still, mere similarity of actions will not suffice to invoke the first to file rule; there must be substantial overlap of the issues raised.  *Id*.  When a determination is made by the second filed court that the two pending actions substantially overlap, then the court may, in its sound discretion, transfer the case to the first filed court pursuant to 28 U.S. §1404(a)[1].  See *Nabors Drilling USA, L.P. v. Markow, Walker P.A.,* 451 F. Supp. 2d at 846 (citation omitted).

The decision whether to transfer pursuant to 28 U.S.C. 1401(a) is committed to the sound discretion of the district court.  *U.S. Ship Managment, Inc. V. Masersk Line, Ltd.,* 357 F. Supp. 2d 924, 936 (E.D. Va. 2005); *see also Southern R. Co. V. Madden*, 235 F.2d 198, 201 (4th Cir. 1956).  Further, the first to file rule should not be departed from unless there are extraordinary circumstances, such as inequitable conduct, forum shopping, or bad faith.  *PBM Products, Inc. V. Mead Johson & Co.*, 2001 WL 841047 at 2 (citations omitted*)*.  None of these extraordinary circumstances apply in this case.

In this case, Transcontinental's own unjust enrichment claim and Old Republic's declaratory judgment claim are identical to the claims each party first filed in the U.S. District

---

[1] 28 U.S.C. 1404(a) provides that "for the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division in which it could have been brought."

5

Court for the District Court of Massachusetts.  Old Republic's declaratory judgment claim regarding the Excessive Claims/Stop Loss Provision of the Agency Agreement between Transcontinental and Old Republic significantly pervades the other claims put forth in this case. While this case involves separate state law issues of negligence in regard to real estate closings in the Commonwealth of Virginia, there is no doubt that the declaratory judgment claim and counterclaim substantially overlap with the first filed action in Massachusetts.  To avoid duplicative judgments, and respect principles of comity and judicial economy,  it is necessary that the declaratory judgment count and counterclaim be transferred to the first filed court, the U.S. District Court for the District of Massachusetts.

## III.  Conclusion

For the foregoing reasons, this Court ORDERED that the Motion of Defendant Transcontinental Title Company to Transfer Declaratory Judgment Count and Counterclaim to Massachusetts and Stay Remainder of Case Pending Outcome of Massachusetts Case is GRANTED.

_____/s/_____
Liam O'Grady
United States District Judge

Alexandria, Virginia
October 4, 2007